IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DONALD McDUFFIN WILLIAMS )<br>I.D. No. 62055-037 )<br>Federal Correctional Complex-Petersburg )<br>P.O. 1000 )<br>Petersburg, Virginia 23804 )<br>)<br>Plaintiff, sui juris )<br>). )<br>)<br>v. )<br>)<br>)<br>MIDWEST RECOVERY SYSTEM, LLC )<br>Suite 100 )<br>514 Earth City Plaza )<br>Earth City, MO 63045 )<br>)<br>Defendant )<br>) | JAN 2 9 2020<br><br>Civil Case No. _20 CV 204 SAG_<br><br><br>TRIAL BY JURY DEMANDED<br>VERIFIED COMPLAINT |

COMPLAINT

I.    PRELIMINARY STATEMENT.

1.    This is an action for damages brought by an individual
"consumer", Plaintiff, for Defendant's violations of the
**Fair Debt Collection Practices Act,** hereinafter "FDCPA," 15
U.S.C. §1692 et seq., as well as under the The **Maryland
Consumer Debt Collection Act,** hereinafter "MCDCA",  Md. Code
Ann., Com. Law § 14-1201-14-204, et seq., constituting unfair
and deceptive acts and practices under the **Maryland Consumer
Protection Act,** Com. Law Art., § 13-101 et seq., Md. Code,
hereinafter  "MCPA". These laws prohibit debt collectors from
engaging in abusive, deceptive, and unfair collection practices.
Plaintiff also raises claims for intentional infliction of

emotional distress and for invasion of privacy. Plaintiff stipulat-
es that this action is brought solely in response to Defendant's
violation(s) of the aforementioned Acts and has nothing to do with
the alleged underlying debt[1].

## II.    JURISDICTION AND VENUE

2.    Jurisdiction is proper in this action under federal question
jurisdiction and arises under 15 U.S.C. 1692k(d) and 28 U.S.C. §
1331; which grants the United States District Court jurisdiction to
hear this action without regard to the amount in controversy.
Supplemental jurisdiction exists for the state law claims pursuant
to 28 U.S.C.   §   1367.

3.    Venue lies in this district pursuant to 28 U.S.C. § 1391(b)
and is proper in that the Plaintiff resides here, the defendant
transacts business here, and the conduct complained of occurred here.

## III.    PARTIES

4.    Plaintiff, Donald Williams, a sui juris adult, is a natural
person residing at Federal Correctional Complex-Petersburg, P.O.
Box 1000, Petersburg, Virginia 23804.
5.    Plaintiff, Donald Williams, is a "consumer" as defined by 15
U.S.C. § 1692a(3).

---

[1]. As referenced in Spears v. Brennan, 745 NE 2d 862 Ind: Court of
Appeals 2001, an FDCPA claim "has nothing to do with whether the
underlying debt is valid. An FDCPA claim concerns the method of
collecting the debt. It does not arise out of the transaction creat-
ing the debt[.]" Azar, 874 F. Supp. at1318.

6.   Defendant, Midwest Recovery Systems, hereinafter, "Midwest" is a corporation engaged in the business of collecting debts, with its principle place of business located at 514 Earth City Plaza, Suite 100, Earth City, MO 63045.

7.   Defendant, Midwest, is a debt collector as defined at FDCPA, U.S.C. § 1692a(6) as well as by Maryland MCDCA § 14-1201 to 14-1204.


## IV.   FACTUAL ALLEGATIONS


8.   At all pertinent times hereto, Defendant was collecting a debt relating to an auto loan that was allegedly originally owed by Plaintiff to Pelican Auto Finance, LLC.

9.   The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

10.   In February of 2019, a representative, employee and/or agent from Defendant contacted Plaintiff's son at his residence in an attempt to coerce payment of the debt, with the intent to annoy, harass and abuse. During the conversation, the Midwest agent questioned Plaintiff's son as to his age and whether he owned property. Plaintiff's son responded that he did not own property, to which the Midwest agent requested his mailing address.

11.   Thereafter, Defendant communicated again with Plaintiff's son who shares the same name (but a different social security number) concerning the debt allegedly owed by Plaintiff. In each of those communications, Defendant was advised that he was contacting the wrong Donald Williams, but Defendant nonetheless

continued to communicate with Plaintiff's son concerning the debt owed by Plaintiff.

12.  On or about March 5, 2019, Defendant contacted Plaintiff's son again at his residence. Defendant went on to berate Plaintiff's son, stating, "if legal action is taken, you will be responsible for attorneys fees, court costs, and interest, as allowed by your contract," in an attempt to coerce payment of the debt, the intent to annoy, harass, and abuse.

13.  To date, Defendant has not garnished the wages of the Plaintiff or his son.

14.  The Defendant acted in a false, deceptive, misleading and unfair manner when, without permission from the Plaintiff, it communicated with persons other than Plaintiff with respect to the debt and made such communications on multiple occasions.

15.  The Defendant acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

16.  The Defendant acted in a false, deceptive, misleading and unfair manner by harassing, oppressing and abusing the Plaintiff including, but not limited to, repeatedly and continuously contacting the Plaintiff's son with the intent to annoy, abuse, and harass.

17.  The defendant acted in a false, deceptive, misleading and unfair manner by falsely representing of the amount, character or legal status of a debt.

18.  The Defendant acted in a false, deceptive, misleading and unfair manner by communicating to any person credit information which Defendant knew or should have known to be false.

19.     The Defendant acted in a false, deceptive, misleading and unfair manner by making a representation or implication to Plaintiff that nonpayment of the debt would result in the seizure, garnishment, of Plaintiff's wages.

20.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

21.     Defendant knew or should have known that its actions violated the FDCPA. and MCDCA. Additionally. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA and MCDCA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

22.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

23.     As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, out-of-pocket expenses, damage to Plaintiff's credit. physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V.     CLAIMS
### COUNT ONE - VIOLATION OF THE FDCPA

24.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.    Defendant is a "debt collector" as defined by section 1692a(6) of the FDCPA.

26.    Plaintiff is a "consumer" as defined by section 1692a(3) of the FDCPA.

27.    The above contacts by the Defendant were "communications" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

28.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e(2)(A), 1692e(4), 1692e(5), 1692e(8), 1692e(10) and 1692f as evidenced by the following conduct:

(a)    Communicating with persons other than plaintiff that Plaintiff owed a debt;

(b)    Communicating with persons other than Plaintiff on more than one occasion;

(c)    Communicating in connection with the collection of a debt with persons other than Plaintiff;

(d)    Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(e)    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuosly with intent to annoy, abuse, or harass any person at the called number;

(f)    The false representation of the amount, character or legal status of a debt;

(g)    The representation or implication that nonpayment of a debt will result in the seizure, garnishment, attachment or sale of any property or wages is not

lawful and/or that Defendant did not intend to take;

(h)   Threatening to take action that cannot legally be taken and/or is not intended to be taken;

(i)   Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

(j)   Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

29.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

30.   As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)   That an order be entered declaring that the Defendant's actions as described above are in violation of the FDCPA

(b)   That an order be entered enjoining the defendant from continuing to communicate with Plaintiff in violation of the FDCPA;

(c)   That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d)   That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e)     That the Court award costs and reasonable attorney's
        fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f)     That the Court grant such other and further relief
        as may be just and proper.

## COUNT TWO-VIOLATION OF THE [MCDCA AND MCPA]

31.     Plaintiff incorporates the foregoing paragraphs as though
the same were set forth at length herein.

32.     Defendant is a "debt collector" as defined by Md. Code
Ann., Com. Law §§ 14-201 to 14-204.

33.     Plaintiff is a "debtor" as defined by §14-201 to 14-204
of the MCDCA.

34.     The above described contacts by Defendant were "communicat-
ions" relating to a "debt" as defined by § 14-201 to 14-204 of
the MCDCA.

35.     Defendant engaged in unfair methods of collection and un-
fair or deceptive acts or practices, as defined by the MCPA, by
attempting to collect the debt in violation of the MCDCA. Defendant's
violations of the MCDCA and MCPA include, but are not limited to,
violations of § 14-202(3) and § 14-202(8), as evidenced by the
following conduct:

(a)     Communicating with persons other than the Plaintiff
        that the Plaintiff owes a debt;

(b)     Communicating with persons other than Plaintiff on
        more than one occasion;

(c)     Communicating, in connection with the collection of
        a debt with persons other than Plaintiff;

(d)     Engaging in conduct the natural consequence of which

is to harass, oppress, or abuse any person in connection with the collection of a debt.

(e) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(f) The false representation of the amount, character or legal status of a debt;

(g) The representation or implication that nonpayment of a debt will result in the seizure, garnishment, attachment or sale of any property or wages is not lawful and/or that Defendant did not intend to take;

(h) Threatening to take action that cannot legally be taken and/or is not intended to be taken;

(i) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

(j) The collection of any amount (including any interest, fee, charge or expense incidental to the principle obligation) which is not expressly authorized by an agreement creating the debt or premitted by law; and

(k) Otherwise using false, deceptive, misleading and and unfair or unconscionable means to collect or attempt to collect a debt.

36.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton  and negligent disregard for plaintiff's rights under the law and with the purpose of coercing plaintiff  to pay the alleged debt.

37.    As a result of the above violations of the [MCPA] and [MCDCA], plaintiff has suffered  ascertainable losses entitling plaintiff to an award of statutory, actual and treble damages and attorney's fees and cost.

WHEREFORE, plaintiff respectfully prays that relief be granted as follows:

(a) That an order be entered declaring that the defendant actions as described above are in violation of the [MCPA] and the [MCDCA];

(b) That an order be entered enjoining Defendant from continuing to communicate with Plaintiff in violation of the [MCPA] and the [MCDCA];

(c) That judgment be entered against the Defendant for actual damages pursuant to §14-202(3) and §14-202(8);

(d) That judgment be entered against the Defendant for statutory damages pursuant to §14-202 (3) and §14-202 (8);

(e) That judgment be entered against the Defendant for treble damages pursuant to §14-202 (3) and §14-202 (8);

(f) That the Court award cost and reasonable attorney's fees pursuant to §14-202(3) and §14-202 (8);

(g) That the Court grant such other and futher relief as may be just and proper.

## COUNT THREE   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38.    Plaintiff incorproates the foregoing paragraphs as though the same were set forth at length herein.

39.    As a result  of the Defendants reckless and intentional conduct, Plaintiff sustained physical injury as well as mental distress as more fully outlined above.

40.     Due to the reckless and intentional conduct of the Defendant, it was forseeable that Plaintiff would suffer severe emotional distress, harm to his physical and psychological well-being and physical harm to the present day as fully outlined above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and Judgment in his favor, pluse lawful interest thereon, attorney's fees and costs of suit.

## COUNT FOUR   INVASION OF PRIVACY

41.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

42.     Defendant continuously and repeatedly contacting Plaintiff constitutes an invasion of privacy.

43.     As a result of Defendant's above mentioned conduct, Plaintiff  sustained and continues to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other form of cognizable damages against Defendant and judgment in his favor, plus lawful interest thereon, attorney's fees and cost of suit.

WHEREFORE, Plaintiff respectfully prays that judgment in a sum less then $85,000 be entered against the Defendant for the fallowing:

A. Actual damages pur suant to 15 U.S.C. §1692k, §14-202(3) and §14-202(8);

B. Statutory damages pursuant to 15 U.S.C. §1692k, §14-202(3) and §14-202(8);

C. Treble damages pursuant to 15 U.S.C. §1692k, §14-202(3) and §14-202(8);

D. Cost [and reasonable attorney's fees] pursuant to 15 U.S.C.  §1692k, §14-202(3) and §14-202(8);

E. Compensatory and punitive damages for intentional infliction of emotional distress;

F. Exemplary damages based upon defendant's defiant, presistent, outrageous and malicious conduct.

G. For such other and further relief as may be just and proper.

## VI. JURY TRIAL DEMAND

44.     Plaintiff demands trial by Jury on all issues so triable.

Respectfully Submitted,

*Donald Williams* 1-16-2020

Donald Williams

I.D. # 62055-037

Federal Correctional Complex

P.O. Box 1000

Petersburg, Virginia 23804

*J. Thomas*
1/16/2020

## VERIFICATION

I, Donald Williams, the Complainant named in the foregoing Complaint, hereby state under oath that the facts and allegations above set forth are true and correct and based upon my personal knowledge and that the allegations of which the plaintiff does not have personal knowledge, the Plaintiff believes them to be true based on specific information, documents, or both. I understand that the statements herein are made subject to the penalties of 28 § 1746 pursuant to the United States Code (relating to unsworn falsification to authorities).

RESPECTFULLY SUBMITTED,

*Donald Williams 1-16-2020*

Donald Williams, sui juris;
I.D. #62055-037
Federal Correctional Complex
P.O. Box 1000
Petersburg, Virginia 23804

State of _Virginia_
County of _Prince George_
Sworn and subscribed before me, a Notary Public, this_11oth_ day of
_January_.
My commission expires_7/31/2020_
Notary Public Name_J. Thomas_
Notary Public Signature_J. Thomas_



13

## AFFIDAVIT

1.    Plaintiff, Donald Williams, has no documented evidence of ever having an Installment Account issued to him by the alleged original Creditor, Pelican Auto Finance, LLC.

2.    Plaintiff, Donald Williams, has no documented evidence of ever signing a contract for an Automobile loan between himself and the alleged Creditor.

3.    Plaintiff, Donald Williams, has no documented evidence to support Defendant's assertion that through either Assignment(s) or a Purchase & Sales Agreement, Plaintiff has aquired provable and valid ownership of the alleged debt or account.

4.    Plaintiff, Donald Williams, has no documented evidence of Defendant ever sending, or of Plaintiff ever receiving, validation or verification of the alleged debt which Plaintiff requested pursuant to the FDCPA, 15 U.S. Code § 1692g(b) via USPS Certified Mail Return Receipt Requested.

5.    Plaintiff, Donald Williams, has no documented evidence to support Defendant's allegation of being entitled to subrogation in relation to the alleged contract between the original creditor and Plaintiff.

    I, Donald Williams, (Affiant) of age and competent to testify, verify that the statements made in this affidavit are true and correct to the best of my knowledge. I understand that false statements herein are made subject to the penalties of perjury pursuant to United States Code Title 28 § 1746.

Respectfully Submitted,

Donald Williams 1-16-2020

Donald Williams

I.D. #62055-037

Federal Correctional Complex

P.O. Box 1000

Petersburg, Virginia 23804

JENNIFER THOMAS
COMMONWEALTH
REG NO 7228950
EXPIRES
7/31/2026
VIRGINIA
NOTARY PUBLIC

J. Thomas
1/16/2020

14

## CERTIFICATE OF SERVICE

I, Donald Williams, hereby certify that on this _16th_ day of _January_____, 2020, a true and correct copy of the foregoing COMPLAINT, AFFIDAVIT, CIVIL COVER SHEET and SUMMONS were mailed to the Defendant at the following address, Midway Recovery Systems, LLC, 514 Earth City Plaza, Suite 100, Earth City, MO 63045, Via USPS Certified Mail. [                    ]

Respectfully Submitted,

_Donald Williams_

Donald Williams
I.D. # 62055-037
Federal Correctional Complex
P.O. Box 1000
Petersburg, Virginia 23804

